THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HERMAN J. TROTSKY,

Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY,

Defendant.

CASE NO. C11-2144-JCC

PROTECTIVE ORDER

This matter comes before the Court on the agreed motion of Plaintiff Herman Trotsky and Defendants The Travelers Indemnity Company and United States Fidelity and Guaranty Company, for entry of a Protective Order Regarding Handling of Trade Secrets and Confidential Material. (Dkt. No. 17.) Having considered the parties' motion and the other pleadings and papers filed in this matter, and to protect confidential, proprietary and trade secret information and the confidentiality of information governed by the attorney-client privilege and work product doctrine contained in documents produced and information disclosed in this litigation,

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that the parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

1. Scope of Order. This Order governs the handling of all documents, testimony and all other information, including copies, excerpts, quotations and summaries thereof (collectively,

"Material") produced by the parties in this action. This is a lawsuit concerning liability insurance coverage for an environmental claim against Plaintiff. Certain information produced in this case involves documents that a party believes contains trade secrets or that is protected by the attorney-client privilege or work product doctrine.

2. Designation.

a. If any party wishes that any confidential information be subject to the provisions of this Order, such party shall stamp the documents on the front of each page: "**CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER.**"

b. In the case of responses to interrogatories or requests for admission, designation of Confidential Material shall be made by means of a statement at the conclusion of such responses specifying the responses or parts thereof that are designated as Confidential Material. The Legend "**CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER**" shall be placed, stamped or otherwise affixed on each page of any set of responses to interrogatories or requests for admission that contain Confidential Material.

c. In the case of depositions, designation of those transcripts and exhibits that contain Confidential Material shall be made by a statement to such effect on the record during the course of the deposition by any counsel. Counsel shall designate those portions of the transcript and exhibits that contain Confidential Material, and those portions of the transcript and exhibits so identified shall be separately marked by the court reporter with the legend "**CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER**." If no such designation is made by a statement to such effect on the record during the course of the deposition, within twenty-five (25) days after receipt of the deposition transcript, counsel may designate portions of the transcript and exhibits as containing Confidential Material by serving notice upon all other parties and the court reporter. Such notice shall specify the particular portions of the transcript and exhibits that counsel wishes to designate as containing Confidential Material by listing on a separate sheet of paper the page numbers of the transcript and exhibits containing Confidential

Material so that the sheet may be affixed to the face of the transcript and each copy thereof. If no designation is made by a statement to such effect on the record during the course of the deposition or within twenty-five (25) days after counsel's receipt of the deposition transcript, the transcript shall be considered not to contain any Confidential Material. Portions of the transcript and exhibits designated as containing Confidential Material may only be disclosed in accordance with the terms of this Protective Order.

d. In the case of verbal communications, the Designating Party shall designate the communication as containing Confidential Material by advising the recipient orally at the time of the disclosure and in writing within ten (10) days after the disclosure.

e. This Agreement shall apply with equal force to all copies, notes, summaries or other compilations and recitations of Confidential Material.

3. Inadvertent Production of Privileged or Protected Documents.

a. Notwithstanding the provisions of Paragraph 2, if a Party inadvertently produces documents or other materials that should have been designated as Confidential Material, but were not designated as such, that Party may subsequently designate those documents or other materials as Confidential Material by notifying all Parties in writing in a manner which reasonably identifies the documents or other material at issue within thirty (30) days after discovery of its failure to designate. The designating Party also shall cause, at its own expense, all other Parties to receive new copies of any such documents or other materials bearing the confidential designation in accordance with the method of designation specified in Paragraph 2. The receiving Parties shall then destroy the documents or other materials originally produced and replace them with the new copies bearing the confidential designation.

b. After service of a notice in accordance with this section claiming that a privileged or protected document was produced, no motion contesting the privileged or protected status of the document or opposition to a motion requesting confirmation of the privileged or

protected status of the document shall rely on an allegation that any privilege or protection as to the document was waived by its production in this litigation.

c. Within thirty days of retrieval of information, documents and/or material, or parts thereof, as to which privilege is asserted, the party asserting the privilege shall provide a revised privilege log identifying and describing the documents withheld from the subject production and the grounds for the privilege asserted.

d. To the extent that any Party who received such materials has disclosed the materials to third parties before it received the Designating Party's written notice, such Party shall advise all third party recipients that the materials contain Confidential Material and are subject to a protective order. No disclosure of such information or materials shall be made once a Party designates them as containing Confidential Material, and the terms of this Agreement shall govern all such information or materials designated as Confidential Material.

4. Restrictions. Except with the prior written consent of the party or other person originally designating material as Confidential, no material which has been appropriately designated as confidential may be disclosed to any person except as follows:

a. Confidential Material shall be used only for the purposes of settlement, discovery, trial preparation and trial, and any appeal of this lawsuit. Confidential Material shall not be used for any business or any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those specified in subparagraph b. below.

b. Confidential Material may be disclosed, for the purposes set forth above, only to:

i. Parties and counsel of record for the parties in this lawsuit and their officers, agents, attorneys, clerical, paralegal and other staff employed by such counsel who are assisting in the preparation and trial of this lawsuit;

    ii. Former partners, employees, officers, or agents of the parties as counsel, in good faith, requires to provide assistance in the conduct of this lawsuit;

    iii. The Court and Court personnel;

    iv. Any persons presiding over settlement negotiations (including arbitration and/or mediation) regarding this lawsuit;

    v. Any person who created the confidential material;

    vi. Potential witnesses, experts, and consultants whom counsel, in good faith, requires to provide assistance in the conduct of this lawsuit or from whom counsel, in good faith, requires consultation; provided, however, that the Confidential Material disclosed to such parties shall be limited to that which counsel, in good faith, determines is reasonably necessary to their potential testimony;

    vii. Court reporters who take and transcribe testimony for use in this lawsuit;

    viii. Persons or entities to whom a Party has a contractual, legal or regulatory obligation to provide Confidential Material, including insurers, reinsurers, reinsurance intermediaries, retrocessionaires, regulators, retrocessionary accountants and auditors of any Party; and

    ix. Any other person agreed to in writing by all Parties or allowed by the Court.

   c. With the exception of those persons designated in 3(b)(iii), (vii), and (viii), and nonparty deponents, each person to be given access to Confidential Material pursuant to the terms of this Order shall, prior to gaining such access, execute the attached Exhibit A indicating that he/she has read and agrees to abide by the terms of this Order. A nonparty deponent shall be informed of the Order and asked to assent to it before reviewing Confidential Material subject to this Order. If a nonparty deponent refuses to assent to the Order on the record, the nonparty may be shown the Confidential Material during the deposition, to the extent counsel, in good faith,

determines it is reasonably necessary to such deponent's potential testimony. Any nonparty deponent refusing to assent to the Order will not be allowed to keep a copy of the Confidential Material or the transcript of the deposition if the transcript recites or summarizes any information from the Confidential Material covered by the Order. Counsel for each party to this lawsuit shall be responsible for maintaining copies of acknowledgements signed by those people to whom that party or his or her agents, employees, consultants or counsel make available Confidential Material.

5. Use In or As Attachments to Pleadings or Other Submissions to the Court.

a. Documents containing "CONFIDENTIAL MATERIAL" of any party shall not be filed with the Court unless it is necessary to do so for purposes of trial, substantive motions, including without limitation, motions for preliminary injunction or summary judgment, or other Court matters. The parties shall take all reasonable steps to file "CONFIDENTIAL MATERIAL" under seal pursuant to FRCP 26(c)(1) and Local Rule 5(g).

b. Any party including "CONFIDENTIAL MATERIAL" in a filing with the Court (whether in pleadings, declarations, exhibits, or otherwise) will, contemporaneously with such filing, file a motion to seal any "CONFIDENTIAL MATERIAL" included in the filing, regardless which party designated the materials as such. Such a motion to seal shall be noted for consideration in accordance with Local Rule 7(d). The party filing the motion to seal will within the motion show why any materials that it designated as "CONFIDENTIAL MATERIAL" should be sealed pursuant to FRCP 26(c)(1) and Local Rule 5(g). If any documents or information included in the court filing were designated "CONFIDENTIAL MATERIAL" by a nonmoving party, that party may file a response in support of the motion to seal no later than three (3) judicial days before the note date showing why such materials should be sealed pursuant to FRCP 26(c)(1) and Local Rule 5(g).

c. The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any party

which are, in whole or in part, designated as "CONFIDENTIAL MATERIAL," including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information, **PROVIDED** that such documents are ordered sealed by the Court or are the subject of a pending motion to seal. The party filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal. A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel the same day the documents are filed.

d. In the event the Court denies a motion to seal documents containing "CONFIDENTIAL MATERIAL," the Clerk of Court shall remove the documents subject to the motion to seal from the Court file and such documents shall not be considered by the Court. In this situation, not later than three (3) judicial days after the date of the Court's denial of a motion to seal, the filing party may, at its option, file replacement documents that do not contain the "CONFIDENTIAL MATERIAL" designation, which shall be considered by the Court.

6. Declassification.

a. A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to this Court for a ruling that a document (or category of documents) is not entitled to confidential status and protection. The party or other person who designated the documents as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality bears the burden to show there is good cause for the document to have such protection.

b. Unless otherwise agreed by the parties, all alleged privileged documents may be submitted via motion to the Court for *in camera* review to determine the privilege status, if any, of the subject document(s). No party may use any such document before the motion is resolved.

       c. No party shall be obligated to challenge the propriety of the designation of Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

7. Subpoena by Other Court or Agency. If another court or an administrative agency subpoenas or orders production of Confidential Material which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the Confidential Material of the pendency of such a subpoena or order, and reasonably cooperate with the Designating Party in responding to the subpoena or order.

8. Disposition of Confidential Material After Lawsuit. At the conclusion of this lawsuit, including all appeals, unless otherwise ordered by the Court, all Confidential Material, including all copies thereof, shall, upon request and at the option of the producing party, be promptly returned, destroyed or sealed. The receiving party shall, upon demand, attest in writing to the return, destruction or sealing of all Confidential Material.

A Party and its counsel of record need not destroy or return Confidential Material incorporated in materials filed with the Court subject to the terms of this Agreement. Counsel of record need not destroy or return Confidential Material incorporated in work product retained solely by counsel.

9. Definition of Confidential Material. For purposes of this Order, the term "Material" means any and all documents of any type, whether handwritten or mechanically or electronically prepared including, but not limited to, paper documents, microfilms, microfiche, computer tapes, computer disks (hard disks, floppy disks and CD ROM disks), computer printouts, or any other computer storage facility or system, audio or video tapes, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs and summaries of confidential information or documents that quote, summarize, or contain materials

entitled to protection may be accorded such status as a stamped confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. "Confidential Material" shall mean all such "Material" designated by any party as "Confidential—Subject to Protective Order."

10. General Provisions.

a. Nothing in this Agreement shall be construed as creating an obligation to disclose information or documents protected by the attorney-client privilege, attorney work product doctrine or other applicable privileges or protections. No Party shall be deemed to have waived any objection to the admissibility at trial of any information or documents produced pursuant to this Agreement. If any Confidential Material is used in any discovery or court proceeding before trial, it shall not lose its confidential status solely through such use.

b. This Agreement shall remain in full force and effect, even after the termination of this litigation, unless modified by a Court order or by the written stipulation of all Parties filed with the Court.

c. Each Party represents and warrants that the individual signing this Agreement on its behalf is fully authorized to sign on behalf of, and bind it.

11. Modifications. Nothing in this Order shall preclude any party from applying to the Court for relief from this Order, or for additional or different protective provisions as the Court may deem appropriate.

IT IS SO ORDERED.

DATED this 23rd day of July 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER REGARDING HANDLING OF TRADE SECRETS AND CONFIDENTIAL MATERIAL which was entered by the Court on __________________ in *Trotsky v. The Travelers Indemnity Co., et al.*, Western District of Washington Case No. C11-02144-JCC, that he/she is one of the persons contemplated in paragraph 5 thereof as authorized to receive disclosure of information designated "CONFIDENTIAL MATERIAL" by either of the parties or by nonparties, and that he/she has read and fully understands and agrees to abide by the obligations and conditions of the Protective Order.

________________________________
*(Signature)*

________________________________
*(Typed Name)*

________________________________
*(Title or Position)*

________________________________
*(Company)*

________________________________
*(Dated)*