JUDGE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HERMAN J. TROTSKY,

        Plaintiff,

v.

THE TRAVELERS INDEMNITY
COMPANY and UNITED STATES
FIDELITY AND GUARANTY COMPANY,

        Defendants.

Case No. 2:11-cv-02144

DEFENDANT USF&G'S MOTION TO
QUASH OR FOR PROTECTIVE ORDER
RE: PLAINTIFF'S MULTIPLE RULE
30(b)(6) DEPOSITIONS

**NOTE FOR MOTION: FRIDAY,
JANUARY 25, 2013**

## I. RELIEF REQUESTED

Plaintiff demands that Defendant United States Fidelity and Guaranty Co. ("USF&G") submit to three separate Rule 30(b)(6) depositions for three full days (1 full day for each Rule 30(b)(6) deposition notice issued by plaintiff). USF&G respectfully moves for: (1) an order quashing plaintiff's pending deposition notices; and (2) a protective order that limits plaintiff to a total of two days of depositions pursuant to Rule 30(b)(6) (of which one day already has been taken by plaintiff).

## II. ISSUE PRESENTED

Should the Court issue an order that limits plaintiff to a total of two days of depositions of USF&G pursuant to Rule 30(b)(6)?

DEFENDANT USF&G'S MOTION TO QUASH OR
FOR PROTECTIVE ORDER RE: PLAINTIFF'S
MULTIPLE RULE 30(b)(6) DEPOSITIONS - 1
N:\Active Cases\02556 Trotsky\US District Court Pleadings\Defendant's Motion for Protective Order Rule 30 b 6.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

## III. FACTUAL BACKGROUND

### A. Nature Of The Lawsuit.

At its essence, plaintiff's lawsuit revolves around whether plaintiff Herman Trotsky can prove he is an insured under certain alleged comprehensive general liability insurance policies allegedly issued to Northwest Cooperage Company, Inc. *See* Amended Complaint for Bad Faith Breach Of The Duty To Defend, Dkt. #14. Neither party has been able to locate copies of the alleged policies. Trotsky now wishes to impose an unreasonable and undue burden upon USF&G by demanding that it submit to three 30(b)(6) depositions in an attempt to pursue an alleged bad faith claim.

### B. The Deposition Notices.

On November 27, 2012, plaintiff served USF&G with *three separate* amended deposition notices under Rule 30(b)(6), demanding that USF&G (based in Maryland) appear in Seattle for three separate depositions: one for USF&G's responses to plaintiff's discovery requests (originally noted for December 18, 2012); one on the lost policies (noted for January 22, 2012); and one on the subject of claims investigation and claims handling (noted for January 25, 2012). *See* Exhibits A, B & C to the Declaration of T. Arlen Rumsey dated January 17, 2013, submitted with this motion. USF&G's served objections to plaintiff's deposition notices on December 7, 2012. *See* Rumsey Dec., Ex. D. Among other things, USF&G objected to plaintiff noting three depositions of the same party without leave of court, contrary to Rule 30(a)(2)(A)(ii).

During discovery conferences on the matter, counsel for USF&G agreed to proceed with the first deposition on December 21. As an accommodation, counsel for USF&G agreed to a second deposition, but not a third. Just prior to the December 21 deposition, lead counsel for USF&G, Arlen Rumsey, who was to defend the deposition, suffered a retinal tear, resulting in surgery. Consequently, the deposition was rescheduled and held on January 9, 2013 in Baltimore, Maryland. Following that deposition, counsel for plaintiff indicated they were not satisfied with the deposition and that it appeared Lisa Lauf was the witness they needed to

DEFENDANT USF&G'S MOTION TO QUASH OR
FOR PROTECTIVE ORDER RE: PLAINTIFF'S
MULTIPLE RULE 30(b)(6) DEPOSITIONS - 2
N:\Active Cases\02556 Trotsky\US District Court Pleadings\Defendant's Motion for
Protective Order Rule 30 b 6.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

depose before proceeding with their other 30(b)(6) depositions. Seeking to accommodate all schedules and avoid unnecessary, repeated cross-country travel, USF&G agreed to arrange for the fact witness deposition of Ms. Lauf on February 7, which would be followed by the deposition of 30(b)(6) designee, Tom Hornbeck, on Feburary 8, to address the remaining topics listed in plaintiff's two remaining deposition notices. Plaintiff rejected that proposal, demanded that USF&G produce a 30(b)(6) witness to address the remaining topics on the two separate noted dates of January 22 and 25, and stated that USF&G should have moved for a protective order if it objected to submitting to three 30(b)(6) depositions on three separate days. Rumsey Dec., ¶ 8.[1]

## IV. LEGAL ARGUMENT

**Rule 30(b)(6) Depositions Typically Are Limited To A Single Day, and This Court Should Find That Defendant's Accomodation in Agreeing to a Second Day Is Sufficient.**

The presumptive rule is plaintiff is entitled to a single Rule 30(b)(6) deposition for 7 hours, and that plaintiff must seek leave of court to exceed those limits. Further, subject to a consideration of party convenience and judicial economy, as a general rule the deposition of a corporate representative should be taken at the corporation's principal place of business. As stated by Fed. R. Civ. P. 30 in pertinent part:

### V. Rule 30. Depositions by Oral Examination

(a) WHEN A DEPOSITION MAY BE TAKEN.

. . .

---

[1] USF&G notes that, particularly due to the lack of direct flights, travel from the east to west coast for a deposition typically takes 3-4 business days.

DEFENDANT USF&G'S MOTION TO QUASH OR
FOR PROTECTIVE ORDER RE: PLAINTIFF'S
MULTIPLE RULE 30(b)(6) DEPOSITIONS - 3
N:\Active Cases\02556 Trotsky\US District Court Pleadings\Defendant's Motion for
Protective Order Rule 30 b 6.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

> (2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
>
>> (A) if the parties have not stipulated to the deposition and:
>>
>>> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
>>>
>>> (ii) the deponent has already been deposed in the case . . . .
>
> . . .
>
> (b) NOTICE OF THE DEPOSITION; OTHER FORMAL REQUIREMENTS.
>
> . . .
>
>> (6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

The official Advisory Committee Note to the 1993 amendment to Rule 30 states that, "A deposition under Rule 30(b)(6) should, for purposes of this [10 deposition] limit, be treated as a single deposition even though more than one person may be designated to testify." It must be noted that it is the organization that designates the person who testifies on its behalf pursuant to this rule.

In general, when a party takes a single Rule 30(b)(6) deposition, and thereafter serves a second Rule 30(b)(6) deposition notice on the same corporation, the courts hold that the second deposition would be a deposition of one "already . . . deposed in the case" for purposes of Rule

DEFENDANT USF&G'S MOTION TO QUASH OR
FOR PROTECTIVE ORDER RE: PLAINTIFF'S
MULTIPLE RULE 30(b)(6) DEPOSITIONS - 4
N:\Active Cases\02556 Trotsky\US District Court Pleadings\Defendant's Motion for
Protective Order Rule 30 b 6.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

30(a)(2)(A)(ii), and cannot be deposed absent leave of the court. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001); *Burdick v. Union Security Ins. Co.*, 2008 WL 5102851 (C.D. Cal. 2008), at *2. (Copies of all unpublished decisions are attached as Exh. E to the Rumsey Dec.) However, if two separate Rule 30(b)(6) depositions pursuant to two separate notices of the same corporation are taken on the same day on different topics, the district court may choose to treat the two depositions as a single deposition for purposes of calculating the 10 deposition limit. *Loops LLC v. Phoenix Trading, Inc.*, 2010 WL 786030, at * 2 (W.D. Wash. 2010) (Judge Ricardo Martinez). *Loops* does not, as plaintiff has asserted, go so far as to authorize multiple full day depositions of a corporate representative. Rather, *Loops* only equated two separate Rule 30(b)(6) depositions that totaled a single day, as a single deposition.

Indeed, Fed. R. Civ. P. 30(d)(2) expressly limits a deposition to a single seven-hour day, unless additional time is needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination. A party seeking a court order to extend the examination must show "good cause" to justify such an order. *E.g., Cardenas v. Prudential Insurance Co. of America,* 2003 WL 21302960, at *2 (D. Minn. 2003).

Plaintiff's counsel asserts an entitlement to multiple Rule 30(b)(6) depositions pursuant to *Quality Aero Technology, Inc. v. Telemetrie Elektronik GmbH,* 212 F.R.D. 313 (E.D.N.C. 2002). In that case, following an initial 30(b)(6) deposition of the defendant, the plaintiff, without leave of court, served a second Rule 30(b)(6) notice. When the defendant in *Quality Aero* failed to appear, the plaintiff moved to compel the second deposition. The court in *Quality Aero* granted the motion to compel, reasoning that prior judicial approval for a second deposition was not necessary since "Rule 30(b)(6) depositions are different from depositions of individuals." *Id.* at 319. The sole support for this conclusion was the Advisory Committee Notes to the 1993 Amendment of the rule, by which the Committee noted, "A deposition under Rule 30(b)(6) should, *for purposes of* [calculating the ten deposition limitation] be treated as a

DEFENDANT USF&G'S MOTION TO QUASH OR
FOR PROTECTIVE ORDER RE: PLAINTIFF'S
MULTIPLE RULE 30(b)(6) DEPOSITIONS - 5
N:\Active Cases\02556 Trotsky\US District Court Pleadings\Defendant's Motion for
Protective Order Rule 30 b 6.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

single deposition even though more than one person may be designated to testify." (Emphasis added).

However, the reasoning in *Quality Aero* is inconsistent with Rule 30's overall treatment of corporations and individuals. Under Rule 30, the general requirements for noticing of depositions apply equally to individual and corporate deponents. Each is entitled to the same reasonable advance notice under Rule 30(b)(1); each is entitled to advance notice if the deposition is to be videotaped (Rule 30(b)(2)); and production of documents may be sought in the deposition notices in each case. Numerous decisions have soundly criticized *Quality Aero* as incorrect. *See State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 234 (E.D. Pa. 2008) (applying rule in *Amerista, supra,* as the better view); *In re Sulfuric Acid Antitrust Litig.*, No. 03-4576, 2005 WL 1994105, at *3-6 (N.D. Ill. Aug. 19, 2005) (following *Ameristar* and rejecting *Quality Aero*);*Porto Venezia Condo. Ass'n v. WB Fort Lauderdale, LLC,* No. 11-60655-CIV, 2012 WL 2339703, at *2-3 (S.D. Fla. 2012) (declining to follow *Quality Aero,* and instead applying *In re Sulfuric Acid, supra*); *Foreclosure Mgt. Co. v. Asset Mgt. Holdings, LLC,* 71 Fed. R. Serv. 3d 516, 2008 WL 3895474, at *3 (D. Kansas Aug. 21, 2008) (disagreeing with *Quality Aero,* and holding leave of court is required before a party may take a second Rule 30(b)(6) deposition). Indeed, one of the leading treatises on federal practice has concluded, "The rule requiring leave of court to take a second deposition applies to an entity that is deposed pursuant to Rule 30(b)(6). Even though a party may be deposing a different corporate representative, it is still seeking a 'second' deposition of the entity." *In re Sulfuric Acid Antitrust Litigation, quoting* 7 Moore's Federal Practice, § 30.05[1][c] at 30-30.3 (3d ed. 2005).

Based on the foregoing, USF&G has been more than cooperative in offering two days of deposition of its corporate representative. Indeed, under *Ameristar, supra,* it was plaintiff's obligation to seek leave of court for a Rule 30(b)(6) deposition beyond a single day, yet plaintiff has refused to do so, which has forced defendant to file this motion. Asserting an entitlement to three days of corporate testimony is presumptively abusive absent plaintiff's showing of good

DEFENDANT USF&G'S MOTION TO QUASH OR
FOR PROTECTIVE ORDER RE: PLAINTIFF'S
MULTIPLE RULE 30(b)(6) DEPOSITIONS - 6
N:\Active Cases\02556 Trotsky\US District Court Pleadings\Defendant's Motion for
Protective Order Rule 30 b 6.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

cause. Therefore, the Court should issue an order capping plaintiff's examination time of USF&G's corporate representatives to two days (of which one day has already been used by plaintiff).

## VI. CONCLUSION

For the reasons set forth above, the Court should issue an order quashing plaintiff's two remaining deposition notices for Rule 30(b)(6) depositions in Seattle on January 22 and 25. The Court should further order that plaintiff may take only one additional day's deposition of USF&G pursuant to Rule 30(b)(6), and that this deposition take place at a time and place mutually convenient to the parties.

DATED this 17th day of January, 2013.

GORDON & POLSCER, L.L.C.

By: _____
T. Arlen Rumsey, WSBA No. 19048
Janice Sue Wang, WSBA No. 19104
Attorneys for The Travelers Indemnity
Company and United States Fidelity and
Guaranty Company, Defendants
1000 Second Avenue, Suite 1500
Seattle, WA 98104
Telephone: (206) 223-4226
Fax: (206) 223-5459
E-mail: arumsey@gordon-polscer.com

DEFENDANT USF&G'S MOTION TO QUASH OR
FOR PROTECTIVE ORDER RE: PLAINTIFF'S
MULTIPLE RULE 30(b)(6) DEPOSITIONS - 7
N:\Active Cases\02556 Trotsky\US District Court Pleadings\Defendant's Motion for
Protective Order Rule 30 b 6.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

# CERTIFICATE OF SERVICE

I, Lynne M. Overlie, hereby certify that on January 17, 2013, I electronically filed this Notice of Removal with the Court using the CM/ECF system which will send notification of such filing to the following:

| *Counsel for Plaintiff Herman J. Trotsky* | | |
|---|---|---|
| | ☐ | U.S. Mail |
| | ☐ | Hand Delivery |
| Lawrence C. Locker, WSBA #15819 | ☐ | Telefax |
| Summit Law Group PLLC | ☒ | CM/ECF |
| 315 Fifth Avenue S Suite 1000 | ☐ | UPS |
| Seattle, WA 98104-2682 | ☐ | E-mail |
| Phone: 206-676-7000 | | |
| Email: larryl@summitlaw.com | | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 17th day of January, 2013.

_____
Lynne M. Overlie, Legal Assistant

DEFENDANT USF&G'S MOTION TO QUASH OR
FOR PROTECTIVE ORDER RE: PLAINTIFF'S
MULTIPLE RULE 30(b)(6) DEPOSITIONS - 8
N:\Active Cases\02556 Trotsky\US District Court Pleadings\Defendant's Motion for
Protective Order Rule 30 b 6.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226