UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HERMAN J. TROTSKY,                          )
                                            )     Case No. 2:11-cv-02144
                    Plaintiff,              )
                                            )     DEFENDANT USF&G'S REPLY IN
v.                                          )     SUPPORT OF MOTION TO QUASH OR
                                            )     FOR PROTECTIVE ORDER RE:
THE TRAVELERS INDEMNITY                     )     PLAINTIFF'S MULTIPLE RULE 30(b)(6)
COMPANY and UNITED STATES                   )     DEPOSITIONS
FIDELITY AND GUARANTY COMPANY, )
                                            )     **NOTE FOR MOTION:  FRIDAY,**
                    Defendants.             )     **JANUARY 25, 2013**
                                            )
_____)

  Defendant could take the time to address all of the factual inaccuracies raised by plaintiff

in opposition to this motion, but most of his factual arguments are not relevant to whether or not

plaintiff has met his burden to establish the need for three 30(b)(6) depositions, addressing all of

these points now would not be an efficient use of the court's time, and we only have six pages to

reply.  The truth is the parties have worked together in good faith throughout this case in an

attempt to move the case forward in a reasonable manner despite having to deal with a series of

unfortunate events, including medical issues on both sides (plaintiff has recently informed

defendant that Mr. and Mrs. Trotsky are currently unable to be deposed due to Mr. Trotsky's

current medical condition.)  The parties now disagree on how many 30(b)(6) depositions of

USF&G plaintiff should be allowed to take under the rules and whose burden it is to establish

DEFENDANT USF&G'S REPLY - 1

**GORDON & POLSCER, L.L.C.**
1000 Second Avenue, Suite 1400
Seattle, WA  98104
(206) 223-4226

that more than two days is necessary. Plaintiff complains that he only used approximately four hours on the first day; but that was his choice. USF&G has now presented its witness for two full days and should not be required to submit to the inconvenience and expense of an additional day because plaintiff chose to use only half of the first day. Despite the strength of its position, at the end of yesterday's deposition, defendant's counsel invited plaintiff's counsel to send an e-mail outlining what he believes he still needs to address by way of a 30(b)(6) deposition, and defendant will consider plaintiff's proposal.

In asserting his right to multiple 30(b)(6) depositions, plaintiff conveniently skips consideration of the dictate in Rule 26(a)(2)(B) that leave of the court "must" be obtained by the party seeking to depose a single person for more than 7 hours.[1] As stated in *In re Sulfuric Acid Antitrust Litig.*, 2005 WL 1994105, at *2 (N.D. Ill. Aug. 19, 2005):

> Of course, the Rule directs that leave to take a successive deposition "shall" be granted, but only if the *court* -- **not an inevitably self-interested party** -- determines that the requested discovery is "consistent with the principles stated in Rule 26(b)(2)" . . . .

> . . . [T]he fact that a party may ultimately be able to persuade a judge to allow successive depositions has absolutely nothing to do with the obligation to seek in the first instance a court's permission to take a deposition of a "person" who has once been deposed.

(Bold emphasis added.) Plaintiff has not met its burden to prove the third deposition is necessary.

The unreasonably cumulative and duplicative nature of plaintiff's multiple depositions is illustrated by the subjects covered by the first Rule 30(b)(6) deposition taken in this case. This deposition addressed the completeness of USF&G's answers and responses to plaintiff's prior written discovery, which addressed, among other things, the following topics:

---

[1] Defendant notes that it mistakenly stated in its Motion that its written objections to the 30(b)(6) depositions referenced a subpart of Rule 30, 30(a)(2)(A)(ii). It did not.

DEFENDANT USF&G'S REPLY - 2
N:\Active Cases\02556 Trotsky\US District Court Pleadings\Word and unfiled
documents\Defendant's Reply re Motion for Protective Order Rule 30 b 6.doc

**GORDON & POLSCER, L.L.C.**
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

**INTERROGATORY NO. 1:** Describe in detail each and every step taken by You or anyone on your behalf to investigate the Claim.

**INTERROGATORY NO. 2:** Describe in detail each and every step taken by You or anyone on your behalf to comply with your obligations under WAC 284-30-920 regarding any of the Policies.

**INTERROGATORY NO. 3:** Identify any and all persons likely to have discoverable information regarding the investigation of the Claim.

**INTERROGATORY NO. 4:** Identify any and all persons likely to have discoverable information regarding your search for the Policies.[2]

USF&G submits that the topics covered in the first Rule 30(b)(6) deposition substantially cover the issues relevant to plaintiff in this case. *Compare* Exhibit A to the Rumsey Dec. dated January 17, 2013, *with* Exhibits A-D to the Supp. Rumsey Dec. Plaintiff's counsel admit to taking slightly less than 4 hours to cover these topics. Considering how plaintiff's second Rule 30(b)(6) deposition is on the topic of the lost policies, and the third is on the topic of claims handling and investigation, if it takes less than 4 hours to take one Rule 30(b)(6) deposition on substantially all of these issues in the first place, 7 hours more as offered by USF&G for **one** additional Rule 30(b)(6) deposition should be sufficient.[3]

In order for plaintiff to justify additional deposition time, he bears the burden of proving the discovery already conducted is insufficient, and that an extra deposition is not cumulative.

---

[2] *See* defendant's responses to plaintiff's various discovery requests, attached as Exhibits A-D to the Supplemental Declaration of T. Arlen Rumsey submitted with this Reply ("Supp. Rumsey Dec.").

[3] Defendant notes that Plaintiff's Opposition to Defendant USF&G's Motion to Quash was not filed until 11:59 p.m. on Wednesday, January 23, 2013, literally the last possible minute. However, the supporting declarations to plaintiff's opposition brief are time-stamped a few minutes later during the early minutes of Thursday, January 24, 2013, and thus untimely filed pursuant to CR 7(d)(2)("any papers opposing motions of the type described in this subsection shall be filed and received by the moving party no later than the Wednesday before the noting date.").

DEFENDANT USF&G'S REPLY - 3
N:\Active Cases\02556 Trotsky\US District Court Pleadings\Word and unfiled documents\Defendant's Reply re Motion for Protective Order Rule 30 b 6.doc

**GORDON & POLSCER, L.L.C.**
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

In a far more complex case filed by an insurer against health care providers, the district court in *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008) denied the health care providers' attempt to depose the insurer's corporate representative for Days 3 & 4. The court in *New Horizont* rejected the *Quality Aero* and *Kimberly-Clark* decisions relied upon by plaintiff Trotsky, noting:

> . . . The policy against permitting a second deposition of an already-deposed deponent is equally applicable to depositions of individuals and organizations. Taking serial depositions of a single corporation may be as costly and burdensome, if not more so, as serial depositions of an individual. In both cases, each new deposition requires the deponent to spend time preparing for the deposition, traveling to the deposition, and providing testimony. In addition, allowing for serial depositions, whether of an individual or organization, provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last. . . .
>
> . . .
>
> Defense counsel provides *no* reason, let alone a good reason, why the questions relating to State Farm's non-fraud claims were not noticed at the previous two Rule 30(b)(6) depositions; Defendants simply chose to proceed in such a manner. However, the Federal Rules do not contemplate the "wait-and-see" approach to discovery taken by Defendants. Such an idiosyncratic approach would permit Defendants, without having demonstrated any good cause for doing so, to avoid drafting a comprehensive notice of deposition and instead conduct depositions seriatim, thereby shifting costs to the opposing side, which would be forced to expend resources preparing for several Rule 30(b)(6) depositions, instead of one.

*New Horizont*, 254 F.R.D. at 235; *See also, Ast v. BNSF Railway Co.*, No. 09-2519-EFM/DWB, 2011 WL 5080256, at *2 (D. Kan. Oct. 25, 2011) (denying defendant's motion for leave to depose plaintiff a second time), *quoting Smith v. Sec. of New Mexico Dept. of Corr.*, 50 F.3d 801, 829 (10th Cir. 1995). Plaintiff is seeking to indulge in exactly the serial Rule 30(b)(6) strategy soundly rejected in *New Horizont*.

DEFENDANT USF&G'S REPLY - 4

**GORDON & POLSCER, L.L.C.**
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

While, as stated above, addressing all of the factual inaccuracies would be an inefficient use of the Court's time, defendant feels compelled to address some key examples of how plaintiff has skewed the facts in his favor:

1. Plaintiff states defendant did not respond to his November 27, 2012 letter regarding his alleged right to take three 30(b)(6) depositions until defendant served its December 7, 2012 objections. This statement is deceptive because defendant had already clearly stated in a November 13, 2013 letter, attached as Exhibit O to plaintiff's counsel Lawrence Locker's declaration, that it would not be producing a witness for the three depositions and requested that new notices be issued that complied with Rule 30. Plaintiff later re-issued the same three notices. In phone conversations with plaintiff's counsel, defendant's counsel agreed to compromise and hold a second deposition, but never agreed to a third.

2. Plaintiff claims USF&G has failed to investigate his claim. Plaintiff knows this is incorrect. From the claim file produced and the first 30(b)(6) deposition, plaintiff knows defendant conducted a comprehensive search of its files and has been unable to locate the alleged liability policies, verify their issuance, or determine their material terms. These policies were allegedly issued over 30 years ago. Defendant also requested and has reviewed all material provided by plaintiff relevant to the underlying claim against plaintiff. Plaintiff has not presented any witness that can verify the blank policy forms he claims represent the material terms of the alleged policies contain the actual terms. Nor has plaintiff presented any evidence that would establish the terms of any endorsements that likely would have been a part of any alleged policy. Washington law requires that plaintiff prove, by clear, cogent, and convincing evidence, the terms of the lost contracts he seeks to enforce. He has not done so. *See Lutz v. Gatlin,* 22 Wn. App. 424, 590 P.2d 359 (1979).

DEFENDANT USF&G'S REPLY - 5
N:\Active Cases\02556 Trotsky\US District Court Pleadings\Word and unfiled
documents\Defendant's Reply re Motion for Protective Order Rule 30 b 6.doc

**GORDON & POLSCER, L.L.C.**
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

3. Plaintiff claims defendant's 30(b)(6) witness was not prepared. He was. The witness was not able to answer every detailed question, but the 175 page transcript belies the claim that he was not prepared.

4. Plaintiff claims defendant has refused to provide substantive responses to discovery requests and identify witnesses. That is not correct, as this court can see from Exhibits A-D to the Supp. Rumsey Dec. Among other things, pursuant to Rule 33(d), defendant produced the non-protected, relevant portions of its claim file, which provided a substantive response to the discovery requests and identified the persons with knowledge of this claim.

Both sides have experienced a series of unfortunate events which have complicated the deposition process. Nonetheless, the basic facts on USF&G's side are straightforward – it made an unsuccessful comprehensive search for the alleged liability policies, and was unable, during its investigation, to make a determination of coverage because the alleged policy terms had not, and still have not been established – the burden for which is on plaintiff. The two days spent on 30(b)(6) depositons should have been sufficient. It is plaintiff's burden to prove otherwise; a burden he has not met.

DATED this 25th day of January, 2013.

GORDON & POLSCER, L.L.C.

By: _____
T. Arlen Rumsey, WSBA No. 19048
Attorneys for The Travelers Indemnity
Company and United States Fidelity and
Guaranty Company, Defendants
1000 Second Avenue, Suite 1500
Seattle, WA 98104
Telephone: (206) 223-4226
E-mail: arumsey@gordon-polscer.com

DEFENDANT USF&G'S REPLY - 6

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226

# CERTIFICATE OF SERVICE

I, Lynne M. Overlie, hereby certify that on January 25, 2013, I electronically filed this Notice of Removal with the Court using the CM/ECF system which will send notification of such filing to the following:

| ***Counsel for Plaintiff Herman J. Trotsky*** | | |
|---|---|---|
| | ☐ | U.S. Mail |
| | ☐ | Hand Delivery |
| Lawrence C. Locker, WSBA #15819 | ☐ | Telefax |
| Summit Law Group PLLC | ☐ | CM/ECF |
| 315 Fifth Avenue S Suite 1000 | ☐ | UPS |
| Seattle, WA 98104-2682 | ☒ | E-mail |
| Phone: 206-676-7000 | | |
| Email: larryl@summitlaw.com | | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this ⎽⎽25⎽⎽ day of January, 2013.

_____
Lynne M. Overlie, Legal Assistant

DEFENDANT USF&G'S REPLY - 7

\\gppdx2\sea_all\Active Cases\02556 Trotsky\US District Court Pleadings\Word and unfiled documents\Defendant's Reply re Motion for Protective Order Rule 30 b 6.doc