THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HERMAN J. TROTSKY,

    Plaintiff,

v.

TRAVELERS INDEMNITY CO., *et al.*,

    Defendants.

CASE NO. C11-2144-JCC

ORDER

This matter comes before the Court on the motion to quash or for a protective order filed by Defendant United States Fidelity and Guarantee ("USF&G") (Dkt. No. 27), Plaintiff's Response (Dkt. No. 29), and Defendant's Reply (Dkt. No. 32). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the Defendant's motion and rules as follows. (Dkt. No. 27.)

**I.    BACKGROUND**

The instant lawsuit is an insurance bad faith suit brought by Plaintiff against his alleged insurer, United States Fidelity & Guaranty Company ("USF&G"), due to its refusal to provide Mr. Trotsky with a defense in an underlying environmental enforcement action or, in the alternative, affirmatively deny coverage. A key issue in the lawsuit is whether Plaintiff can prove that he is actually an insured under certain comprehensive general liability insurance policies allegedly issued to Northwest Cooperate Company, Inc. According the parties' briefing,

"[n]either party has been able to locate copies of the alleged policies." (Dkt. No. 27 at 2.) In the course of discovery, Plaintiff has thus sought information regarding the policies, and as well as information about USF&G's claims handling practices.

After repeated extensions of the discovery deadline, the parties now find themselves at an impasse regarding the appropriate number of Rule 30(b)(6) depositions that Plaintiff is permitted to take of Defendant USF&G. The basic dispute is straightforward. On November 27, 2012, Plaintiff served USF&G with three separate Rule 30(b)(6) deposition notices, rather than one notice, containing all topics about which he wishes to depose a USF&G representative. (Dkt. No. 27, Exs. A-C.) Three notices were issued rather than one because the topics could be separated into three general categories: The first regarded Defendant USF&G's purportedly inadequate discovery responses; the second involved the lost insurance policies; and the last involved the claims investigation and claims handling of Plaintiff's claim. (*Id.*) However, the record clearly demonstrates that Plaintiff issued all three amended notices simultaneously on November 27, 2012. (*Id.*)

Thereafter, Defendant objected to Plaintiff's deposition notices on December 7, 2012. In its correspondence to Plaintiff, Defendant requested that Plaintiff notice the deposition as one deposition in accordance with Rule 30(a)(2)(A)(ii) rather than three separate depositions of the same party since Plaintiff had not obtained leave of court. The parties subsequently engaged in a discovery conference, the result of which was that Defendant agreed to proceed with the first deposition day and permit Plaintiff a second deposition day to cover the remaining topics, but refused to agree to the third day. The first deposition day was conducted on January 9, 2013, and Defendant offered to reschedule the second day for February 8, 2013 to address the remaining topics listed in Plaintiff's two remaining deposition notices. Plaintiff rejected that compromise and insisted that he be able to proceed with both the second and third day of the Rule 30(b)(6) depositions. The instant motion to quash or for a protective order followed, in which Defendant requests that the Court permit only the "second" day of depositions—*i.e.*, that Plaintiff be able to

take only one more day of deposition testimony from USF&G rather than two additional days as noticed by Plaintiff in its prior deposition notices.[1]

For the reasons explained below, Defendant's reading of the law is correct. However, because Plaintiff did not issue the second and third deposition notices *after* it had already taken the deposition of USF&G, but instead erroneously issued three deposition notices, rather than one comprehensive notice, on the same day, the deposition notices are not rendered invalid for that reason. Rather, the Court construes Plaintiff's request as one for a single deposition of USF&G—a conclusion which, in light of USF&G's own briefing, it understood to be the case in the course of the dispute. The issue is thus whether Plaintiff is entitled to additional time to conduct this deposition, not whether it is entitled to take "additional depositions." Upon review, the Court is persuaded that an additional 10 hours of deposition time is warranted.

## II. DISCUSSION

### A. Rule 30(b)(6) and a Party's Ability to Take a Second Deposition

Generally, a party need not obtain leave of court to take a deposition. FED. R. CIV. P. 30(a)(1). However, the exceptions to that rule provide that a party "*must* obtain leave of court, and the court *must* grant leave to the extent consistent with Rule 26(b)(2)' if the deponent has already been deposed in the case. FED. R. CIV. P. 30(a)(2)(A)(ii). For purposes of Rule 30(b)(6), the organization is the "deponent." FED. R. CIV. P. 30(b)(6). Thus, Defendant argues, because Plaintiff issued three separate 30(b)(6) notices on the same day rather than one, without leave of court, those notices are invalid.

As courts have recognized, there is some disagreement as to "whether the leave requirement in Rule 30(a)(2)(A)(ii) applies if a party seeks a second Rule 30(b)(6) deposition of a corporate party that has already been deposed." *State Farm Mut. Auto. Ins. Co. v. New*

---

[1] The Court notes that Defendant, in its Reply, points out that Plaintiff barely filed its Response on time, and filed its exhibits a few minutes after the applicable deadline. (Dkt. No. 32). While the Court appreciates that Defendant brought this fact to its attention, the Court declines to strike the exhibits insofar as Defendant's footnote is meant to request as much. However, the parties are advised to ensure that filings are timely made in the future.

*Horizont, Inc.*, 254 F.R.D. 227, 234 (E.D. Pa. 2008). However, upon review, there seems to be little in the way of disagreement, as most courts to address the issue find that "[n]either the text of the rule nor the committee's note [which treats 30(b)(6) depositions differently than depositions of individuals for purposes of calculating the 10-deposition limit], exempt[] Rule 30(b)(6) depositions from the leave requirement in the event of a second deposition of a party already deposed." *Id.*; accord *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001); *Porto Venezia Condo. Ass'n, Inc. v. WB Fort Lauderdale, LLC*, No. C11-60665, 2012 WL 2339703, at *3 (S.D. Fla. June 14, 2012); *Foreclosure Management Co. v. Asset Management Holdings, LLC,* 2008 WL 3895474 (D. Kan. 2008); *In re Sulfuric Acid Antitrust Litig.*, No. C03-4576, 2005 WL 1994105, at *2 (N.D. Ill. Aug. 19, 2005); *Innomed Labs, LLC v. Alza Corp.,* 211 F.R.D. 237, 240 (S.D.N.Y.2002). Upon review, the Court agrees with the analysis of each of these cases: Nothing in Rule 30 suggests that the limitation upon taking a second deposition of the same deponent without leave of court is inapplicable in the 30(b)(6) context.

      The Court declines to accept the reasoning of *Quality Aero Tech., Inc. v. Telemetrie Elektronik, GmbH*, 212 F.R.D. 313 (E.D.N.C. 2002), upon which Plaintiff relies to support his argument that leave need not be obtained to take a second deposition of a corporate entity. In that case, the court held that a second Rule 30(b)(6) notice issued to a corporation was not rendered invalid due to the party's failure to obtain leave of court. The Court reasoned that Rule 30(b)(6) depositions are "different from depositions of individuals," and pointed to the Advisory Committee Notes to the 1993 Amendments to the Federal Rules, "which expressly state that for purposes of calculating the number of a [*sic*] depositions in a case, a 30(b)(6) deposition is separately counted as a single deposition, regardless of the witness designated." *Id.* at 319. However, as the subsequent courts to address the issue have explained, that committee note is expressly limited to the purpose of counting the 10-deposition limit, and Rule 30(b)(6) depositions are otherwise treated the same as depositions of individuals for Rule 30(a) purposes.

Further, the text of Rule 30(b)(6) plainly states that an organization may be named as a "deponent," and Rule 30(a) provides that leave must be obtained if the *deponent* has already been deposed. Nothing in the Advisory Committee Notes addresses this aspect of the Rule. Accordingly, the Court finds that the analysis in *Quality Aero* is unpersuasive insofar as it is read to stand for the proposition that leave need not be sought before noticing a second Rule 30(b)(6) deposition of same the corporate deponent from which a deposition has already been taken.

However, while Defendant correctly interprets the law, the facts of the instant dispute offer it less support. Unlike each of the cases upon which it relies, the instant scenario is not one in which Plaintiff noticed a *second* deposition *after* it had already deposed USF&G. More importantly, Plaintiff is not seeking to conduct "serial depositions" on the same or similar topics. Indeed, such a notice absent leave of court would render the notice invalid. However, this case involves a situation in which Plaintiff erroneously noticed the first deposition of USF&G using three simultaneous notices rather than one notice including all of its topics, which he could have and should have done. Had Mr. Trotsky done so, there would be no issue as to whether Plaintiff could depose USF&G on all of the topics listed; the only issue would have been whether it was entitled to additional time if necessary.

In light of this material difference, the Court finds that Mr. Trotsky's deposition notices of November 27, 2012 are not *per se* invalid. From a practical standpoint, Mr. Trotsky is seeking to take the deposition of USF&G on various topics over the course of three days. Defendant believes two days is sufficient. This is not a situation in which Mr. Trotsky conducted USF&G's deposition, waited a period of time, and then sought to take a second bite at the apple by noticing subsequent deposition of the same deponent. *Cf. Porto Venezia*, 2012 WL 2339703, at *1 (second deposition notice issued nearly one year after first deposition taken); *Foreclosure Mgmt.*, 2008 WL 3895474 at *1 (second deposition notice issued one month after first 30(b)(6) deposition taken); *In re Sulfuric Acid Antitrust Litig.*, 2005 WL 1994105, at *2 (second notice issued more than one year after first deposition taken). Further, the policy behind Rule 30(a) of

preventing a party from conducting serial depositions is not furthered in this instance by counting the second and third notices as notices for "separate depositions," given that the three notices involved separate topics to be discussed and USF&G had not yet been deposed. Accordingly, the Court views the three days of requested depositions from USF&G as one deposition of that entity. Properly framed, the issue is the amount of time to which Plaintiff is entitled to conduct its deposition of USF&G; that, in turn, depends on the number of representatives designated to testify on behalf of USF&G.

### B. Rule 30(d) Imposes the Applicable Time Limits

Rule 30(d) provides that unless otherwise stipulated or ordered by the court, "a deposition is limited to 1 day of 7 hours." FED. R. CIV. P. 30(d)(1). However, the Court "must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent[.]" *Id*. In the context of Rule 30(b)(6) depositions, the Advisory Committee Notes instruct that if an entity designates more than one witness to address the listed 30(b)(6) topics, each person designated should be considered a separate deposition for purposes of timing. Committee Note, 192 F.R.D. 340, 395.

Here, because USF&G designated only one individual for all three topic areas, Plaintiff would have been entitled only to one seven hour day to cover all topics included in its deposition notices. However, Defendant offered to provide one additional seven hour day, which the Court agrees is necessary to fairly examine USF&G. Thus, the only remaining question is whether additional time beyond the second day of depositions is necessary.

Upon consideration of the case, the Court is not persuaded that a full 14 hours of deposition time is necessary to cover the remaining topics. The Court recognizes that a primary reason that Plaintiff requests a deposition on the claims handling issues is the unavailability of a fact witness on that topic; however, that alone does not demonstrate that 14 hours is necessary to adequately cover the topics at hand. After considering the remaining topics about which Plaintiff seeks to depose USF&G, and recognizing that they are core issues of the case, the Court believes

that 10 hours of deposition time is both warranted and sufficient to complete USF&G's deposition on the remaining topics. This also accounts for the seven remaining hours to which Plaintiff is entitled, as well as the three hours of deposition time that it did not utilize in the first day of USF&G's deposition.

### III. CONCLUSION

In light of the foregoing, the Court hereby DENIES Defendant's motion to quash or for a protective order. (Dkt. No. 27.) Plaintiff may depose Defendant's remaining representative for a total of **ten (10) hours** regarding the topics listed in the second and third deposition notices.

DATED this 29th day of January 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE